## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HUGO A. ADAME, CORNELIO MARTINEZ a/k/a )
JOSE SANTIAGO, ANTONIO JAIMES, FIDEL )
MARTINEZ, JORGE H. LOPEZ a/k/a GEORGE )
LOPEZ on behalf of themselves and all other )
persons similarly situated, known and unknown, )
                                       )
                                       )
          Plaintiffs, )         Case No.  08 C 346
      v. )
                                         )
D.B. PARKING LOT AND JANITORIAL )         Judge Moran
MAINTENANCE, INC., and DOROTHY L. )
DIVITO, )
                                         )
         Defendants. )

### PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES
### PURSUANT TO FED. R. CIV. P. 4(d)(5)

Plaintiffs, through their attorneys, pursuant to Federal Rule of Civil Procedure 4(d)(5), move this Court for an award of costs and attorneys' fees incurred as a result of Defendants' failure to return waivers of service of summons properly served on them pursuant to Fed. R. Civ. P. 4(d)(2). In support on this Motion, Plaintiffs states as follows:

1.      Plaintiffs filed their lawsuit against Defendants on January 15, 2008. On January 21, 2008, Plaintiffs served the registered agent of Defendant D.B. Parking Lot & Janitorial Maintenance, Inc. and Defendant Dorothy L. Divito, via U.S. Certified Mail, with copies of the Complaint, Notice of Lawsuit, Waiver of Service of Summons, and self-addressed postage pre-paid envelopes to return the waiver of service of summons to Plaintiffs' counsel. See Group Exhibit A, attached hereto.

2.     Defendants received the Complaint and Waiver of Service of Summons on or about January 22, 2008. See Exhibit B, attached hereto. [1]

3.     Defendants' executed waivers of service of summons were due to be returned to Plaintiffs' counsel on or before February 20, 2008. Defendants failed to return to Plaintiffs their executed waivers of service of summons.

4.     On February 21, 2008, Plaintiffs had the clerk of the Court issue summons for each Defendant. Corporate Service was obtained on Defendant D.B. Parking Lot & Janitorial Maintenance, Inc. on March 4, 2008 and Defendant Dorothy L. Divito was personally served with the summons and Complaint on March 4, 2008. See Group Exhibit C, attached hereto.

5.     A defendant may be compelled to pay the Plaintiffs' costs of service under the Federal Rules of Civil Procedure. Rule 4 provides that:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h), and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the Plaintiffs may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.

Fed. R. Civ. P. Rule 4(d)(2). If a defendant fails to comply with a request to waive service of a summons, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." *Id.* These costs include the cost of service as well as a "reasonable attorney's fee" for a motion to collect costs. Fed. R. Civ. P. Rule 4(d)(5). To trigger a defendant's obligation to pay, a Plaintiff must, (1) send a written notice and waiver request, (2) to the defendant or an officer or agent of the defendant corporation, (3) by first-class mail, including (4) notice of the consequences of failing to comply with the waiver request within 30 days, and (5) a prepaid reply envelope. Fed. R. Civ. P. Rule 4(d)(2)(A-G).

---

[1] The certified mail "green card" returned to Plaintiffs was not dated.

6.    Plaintiffs complied with Fed. R. Civ. P. Rule 4(d)(2)(A-G). Defendants, however, failed to return their waivers of service of summons. Plaintiffs, therefore, are entitled to recover their costs and attorneys' fees in obtaining service on Defendants.

7.    Plaintiffs seek to recover the costs incurred in obtaining personal service on Defendants in the amount of $61.62.

8.    Plaintiffs seek to recover the cost of attorneys' fees in the amount of $1,065.51. See the affidavit of Douglas M. Werman, supporting the time expended on this matter and his requested hourly rate, attached hereto as Exhibit D.

WHEREFORE, Plaintiffs respectfully request that this motion be granted and Plaintiffs be awarded costs and attorneys' fees in the amount of $1,188.75.

Respectfully submitted,

Dated: April 21, 2008

s/Douglas M. Werman
DOUGLAS M. WERMAN (ARDC #6204740)
MAUREEN A. BANTZ (ARDC #6289000)
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Il 60602
312-419-1008

Attorneys for Plaintiffs

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HUGO A. ADAME, CORNELIO MARTINEZ a/k/a )
JOSE SANTIAGO, ANTONIO JAIMES, FIDEL )
MARTINEZ, JORGE H. LOPEZ a/k/a GEORGE )
LOPEZ on behalf of themselves and all other )
persons similarly situated, known and unknown, )
                               )
                 Plaintiffs,             )       Case No.  08 C 346
       v.                               )
                                   )
D.B. PARKING LOT AND JANITORIAL      )       Judge Moran
MAINTENANCE, INC., and DOROTHY L.      )
DIVITO,                                 )
                                   )
            Defendants.           )

**INDEX OF ATTACHMENTS**

Notice of Lawsuit and Waiver of Service of Summons Issued to Defendants...................A

Green Card indicating service of Certified mail to Defendants .........................................B

Executed Summons and Affidavits for same for each Defendant......................................C

Affidavit of Douglas M. Werman.................................................................................D

# EXHIBIT A

AO 398    (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### NOTICE OF LAWSUIT AND REQUEST FOR
### WAIVER OF SERVICE OF SUMMONS

TO:  (A)    Dorothy L. Divito, 160 W. Irving Park Rd., Wood Dale, IL  60191

as    (B)    Registered Agent            of (C)  D.B. Parking Lot & Janitorial Maintenance

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number (D)        08 C 346

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E)      30    days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this      21st      day of
January            ,    2008      .
 (Month)                (Year)

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____ Douglas M. Werman _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, D.B. Parking Lot and Janitorial Maintenance, Inc. , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Hugo A. Adame, et al. vs. D.B. Parking Lot and Janitorial Maintenance, Inc., et al. ,
(CAPTION OF ACTION)

which is case number _____ 08 C 346 _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ 01/21/08 _____ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                                        (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398    (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### NOTICE OF LAWSUIT AND REQUEST FOR
### WAIVER OF SERVICE OF SUMMONS

TO: (A)    Dorothy L. Divito, 160 W. Irving Park Rd., Wood Dale, IL  60191

as    (B)    Defendant                    of (C)

       A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the Northern District of Illinois and has been assigned docket number (D)      08 C 346          .

       This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E)      30    days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope (or other means of cost-free return) for your use.  An extra copy of the waiver is also attached for your records.

       If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

       If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

       I affirm that this request is being sent to you on behalf of the plaintiff, this      21st      day of
January            ,      2008      .
     (Month)                    (Year)

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A—Name of individual defendant (or name of officer or agent of corporate defendant)
B—Title, or other relationship of individual to corporate defendant
C—Name of corporate defendant, if any
D—Docket number of action
E—Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

## Waiver of Service of Summons

TO: _____ Douglas M. Werman _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Dorothy L. Divito _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Hugo A. Adame, et al. vs. D.B. Parking Lot and Janitorial Maintenance, Inc., et al. ,
(CAPTION OF ACTION)

which is case number _____ 08 C 346 _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ___ 01/21/08 ___,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
(DATE)                                            (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
(TITLE)                                            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D.B. Parking Lot & Janitorial Maintenance, Inc
c/o Reg. Agent, Dorothy L. Divito &
Dorothy L. Divito, individually
160 W. Irving Park Rd.
Wood Dale, IL 60191

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Dorothy L Divito_
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
_Dorothy Divito_
C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7007 0710 0002 1565 0993

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT C

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Hugo A. Adame, Cornelio Martinez a/k/a Jose Santiago,
Antonio Jaimes, Fidel Martinez, Jorge H. Lopez a/k/a
George Lopez, on behalf of themselves and all other
persons similarly situated, known and unknown,

V.

D.B. Parking Lot and Janitorial Maintenance,
Inc. and Dorothy L. Divito,

CASE NUMBER:    08 C 346

ASSIGNED JUDGE:    Moran

DESIGNATED
MAGISTRATE JUDGE:    Denlow

TO: (Name and address of Defendant)

Dorothy L. Divito, individually
160 W. Irving Park Rd.
Wood Dale, IL  60191

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Douglas M. Werman
Werman Law Office, P.C.
77 W. Washington Street, Suite 1402
Chicago, IL  60602

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

FEB 2 1 2008

(By) DEPUTY CLERK                                                    DATE

| | | |
|---|---|---|
| **ClientCaseID:** JACQUELINE<br>**Law Firm ID:** WERMAN | <br>* 1 7 8 8 3 8 A * | **CaseReturnDate:** 4/3/08<br><br>**Affidavit of  Special Process Server** |

## UNITED STATES DISTRICT COURT

Case Number **08C346**

I, **ERIC L. BEY**

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## PERSONAL SERVICE

THAT I SERVED THE WITHIN          **SUMMONS AND COMPLAINT**

ON THE WITHIN NAMED DEFENDANT          **DOROTHY L. DIVITO, INDIVIDUALLY**

BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT PERSONALLY          **3/4/08**

That the sex, race and approximate age of the person whom I left the   **SUMMONS AND COMPLAINT**
are as follow:          **Sex**  FEMALE  **Race**  WHITE          **Age**  40

**Height**  5'3"          **Build**  MEDIUM          **Hair**  BLACK

LOCATION OF SERVICE     **160 W IRVING PARK ROAD**
                        **WOOD DALE, IL, 60191**

Date Of Service     **3/4/08**          Time of Service     **11:06 AM**

ERIC L. BEY                                         3/5/2008
**Special Process Server**
P.E.R.C.#129-303704

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

Hugo A. Adame, Cornelio Martinez a/k/a Jose Santiago,
Antonio Jaimes, Fidel Martinez, Jorge H. Lopez a/k/a
George Lopez, on behalf of themselves and all other
persons similarly situated, known and unknown,

V.

D.B. Parking Lot and Janitorial Maintenance,
Inc. and Dorothy L. Divito,

CASE NUMBER:     08 C 346

ASSIGNED JUDGE:     Moran

DESIGNATED
MAGISTRATE JUDGE:     Denlow

TO: (Name and address of Defendant)

D.B. Parking Lot & Janitorial Maintenance, Inc.
c/o Reg. Agent, Dorothy L. Divito
160 W. Irving Park Rd.
Wood Dale, IL  60191

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Douglas M. Werman
Werman Law Office, P.C.
77 W. Washington Street, Suite 1402
Chicago, IL  60602

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

FEB 2 1 2008

(By) DEPUTY CLERK

DATE

| | |
|---|---|
| **ClientCaseID:** JACQUELINE | |
| **Law Firm ID:** WERMAN | |



*1 7 8 8 3 8 A *

**CaseReturnDate:** 4/3/08

**Affidavit of Special Process Server**

# UNITED STATES DISTRICT COURT

Case Number **08C346**

I, ERIC L. BEY

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## CORPORATE SERVICE

THAT I SERVED THE WITHIN **SUMMONS AND COMPLAINT**
ON THE WITHIN NAMED DEFENDANT **D.B. PARKING LOT & JANITORIAL MAINTENANCE, INC.**
PERSON SERVED **DOROTHY DIVITO, AGENT**
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON **3/4/08**

That the sex, race and approximate age of the person whom I left the **SUMMONS AND COMPLAINT**
are as follow:

| | | | | | | |
|---|---|---|---|---|---|---|
| **Sex** | FEMALE | **Race** | WHITE | **Age** | 40 | |
| **Height** | 5'3" | **Build** | MEDIUM | **Hair** | BLACK | |

LOCATION OF SERVICE  **160 W IRVING PARK ROAD**
**WOOD DALE, IL, 60191**

Date Of Service  **3/4/08**          Time of Service  **11:06 AM**

ERIC L. BEY                    3/5/2008
**Special Process Server**
P.E.R.C.#129-303704

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HUGO A. ADAME, CORNELIO MARTINEZ a/k/a) | | |
| JOSE SANTIAGO, ANTONIO JAIMES, FIDEL )| | |
| MARTINEZ, JORGE H. LOPEZ a/k/a GEORGE )| | |
| LOPEZ on behalf of themselves and all other )| | |
| persons similarly situated, known and unknown, )| | |
| ) | | |
| Plaintiffs, ) | Case No.  08 C 346 | |
| v. ) | | |
| ) | | |
| D.B. PARKING LOT AND JANITORIAL ) | Judge Moran | |
| MAINTENANCE, INC., and DOROTHY L. ) | | |
| DIVITO, ) | | |
| ) | | |
| Defendants. ) | | |

**DECLARATION OF DOUGLAS M. WERMAN**

Douglas M. Werman, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.      I am an attorney and principal in Werman Law Office, P.C. f/k/a Law Offices of Douglas M. Werman. I was admitted to practice law in the State of Illinois in 1990. During the entire course of my legal practice, I have practiced primarily in the area of labor and employment law. Since 2001, my practice has been highly concentrated in representing employees in cases arising under federal and state wage and hour laws, including the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law.

2.      I am admitted to practice before the following courts: the United States Court of Appeals for the Seventh Circuit, the United States District Courts for the Northern and Central District of Illinois, the United States District Court for the Northern District of Indiana, and the

1

United States District Court for the Western District of Michigan.

     3.     As the principal in Werman Law Office, P.C over 95% of my legal work involves federal court litigation of FLSA cases in which employees seek to collect unpaid compensation or other owed employment benefits.

     4.     Since January, 2000, I have been lead counsel in over three hundred fifty (350) cases filed in the Northern and Central Districts of Illinois and the Circuit Court of Cook County. The majority of these cases proceeded as collective actions under §216(b) of the FLSA and/or set forth class action claims under the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act. On information and belief, I am among the most experienced FLSA practitioners in this judicial district. I am counsel or co-counsel in nationwide wage and hour class action litigation in cases pending throughout the United States, including Washington State and the United States Court of Claims.

     5.     The attorneys' fee time sought in this case is recorded and billed as follows: each day I keep a contemporaneous record of the time I work on various projects/files for various clients. This information is kept on a software program — commonly known as "Timeslips 2005" — that is loaded onto a Werman Law Office, P.C. computer. The Timeslips file created for the instant litigation is named "Adame, Hugo." Beginning with the initial consultation with Plaintiffs, whenever I or my staff have performed work on behalf of Plaintiffs in connection with their FLSA action against Defendants, we have made entries in the Timeslip program. These entries consist of a description of the work we performed on the date of the entry as well as the amount of time we spent during the day in performing the work described.

     6.     As set forth in paragraph 4 above, I have been involved as attorney of record in over

2

350 FLSA actions filed in the Northern and Central District of Illinois and the Circuit Court of Cook County since January, 2000. I believe that based on my skill and experience, my reasonable hourly rate is $475.00 per hour.

7.     On January 23, 2008, Judge Gettleman awarded me the hourly rate of $475.00 per hour in the case of *Diaz, et al. vs. Reidesigne' Landscape Contractors, Inc., et al.,* Case No. 06 C 0720. On November 29, 2007, Judge Manning awarded me the hourly rate of $450.00 per hour in the case of *Arturo Robles, et al. vs. Boss Construction, Inc., et al.* Case No. 07 C 3785. On November 26, 2007, Judge St. Eve awarded me the hourly rate of $450.00 per hour in the case of *Alcantara vs. Oscar Jurado d/b/a Jurado's Decorating,* Case No. 07 C 1865. On November 2, 2007, Judge Andersen awarded me the hourly rate of $450.00 per hour in the case of *Jesus Valencia, et al. vs. Domenic Vitro d/b/a Classic Creations Landscape,* Case No. 07 C 0551. On August 27, 2007, Judge Ashman awarded me the hourly rate of $450.00 per hour in the case of *Kevin Cole vs. DKBM, Inc., et al.,* Case No. 06 C 0719. On April 12, 2007, Judge Kocoras awarded me the hourly rate of $425.00 per hour in the case of *Jorge Santana, et al. vs. John & Sons Body Shop, Inc., et al.,* Case No. 06 C 2516. On December 14, 2006, Judge Manning awarded me the hourly rate of $425.00 per hour in the case of *Luis Avalos, et al. vs. Industrial Freight & Maintenance, Inc., et al.,* Case No. 06 C 4311. On September 26, 2006, Judge Kocoras awarded me the hourly rate of $425.00 per hour in the case of *Maria Teresa Ramirez vs. Nari Sushi, et al.,* Case No. 06 C 1651. On September 21, 2006, Judge St. Eve awarded me $425.00 per hour in *Gerardo Monarrez vs. Nationwide Foods, Inc.,* Case No. 04 C 3529. On August 30, 2006, Judge Moran awarded me the hourly rate of $425.00 per hour in the case of *Ramiro Zuniga vs. Prickly Pear Foods, Inc., et al.,* Case No. 05 C 5591. On August 29, 2006, Judge Amy St. Eve awarded me $425.00 per hour in *Mirna Calderon vs. Dollar*

3

*Spot Plus, Inc.,* Case No. 06 C 2028.

8.      In May, 2003, I was awarded by a United Way Member Agency the 2002 William J. Castillo Humanitarian Award for my pro bono work in representing low wage workers in the Hispanic community. In the majority of my cases, including this one, I advance the costs of the litigation for such clients and do not charge the client contingent fee. Instead, I either receive my fee through settlement or through a fee determined by the Court.

9.      Since the inception of the case, my firm has spent 4.40 hours obtaining service in this matter and in preparing the instant motion. Of that time, I spent 20 minutes obtaining service on Defendants and 1 hour preparing this motion. At an hourly rate of $475.00, my fees for work performed during the above period amount to $631.75.

10.     My paralegal, Jacqueline Villanueva, spent 3.20 hours obtaining service in this matter. See attachment 2. At an hourly rate of $130.00, her fee for work performed during the above period amount to $433.76.

11.     In addition, my firm has also incurred $61.62 in costs obtaining personal service on Defendants.

12.     If the Court grants both the hours and the hourly rates requested, after the exclusions and discounts already made by counsel, Plaintiffs will be entitled to an award of attorneys' fees in the amount of $1,065.51 and costs in the amount of $61.62.

13.     I am not suffering any impediments and am competent to testify to all of the foregoing.

14.     Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and

4

correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Douglas M. Werman

I declare under penalty of perjury that the foregoing is true and correct.

Date:    April 21, 2008
_____
Douglas M. Werman

5

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing **Plaintiffs' Motion for Costs and Attorneys' Fees Pursuant to Fed. R. Civ. P. 4(d)(5)** was served via regular U.S. mail on April 21, 2008 on:

John A. Runion
John A. Runion & Associates
1625 Colonial Parkway, 1st Flr. Ste
Inverness, IL 60067

s/Douglas M. Werman
Douglas M. Werman