IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGO A. ADAME, CORNELIO MARTINEZ a/k/a JOSE SANTIAGO, ANTONIO JAIMES, FIDEL MARTINEZ, JORGE H. LOPEZ a/k/a GEORGE LOPEZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>D.B. PARKING LOT AND JANITORIAL MAINTENANCE, INC. and DOROTHY L. DIVITO,<br><br>Defendants. | No.   08 C 346<br><br>Judge Moran<br><br>Magistrate Judge Denlow |

## ANSWER TO COMPLAINT

Defendants D.B. Parking Lot and Janitorial Maintenance, Inc. and Dorothy L. Divito, by their attorneys Favaro & Gorman, Ltd. and John A. Runion and Associates, answer plaintiffs' complaint.

**NATURE OF PLAINTIFFS' CLAIMS**

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated employees. During the course of Plaintiff's employment, Defendants did not pay Plaintiffs overtime wages for the time worked in excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their earned wages. Plaintiffs bring this case as a representative action under 29 U.S.C. § 216(b). A copy of Plaintiffs' consent forms to act as representative Plaintiffs are attached hereto as Exhibit A.

**ANSWER:** Defendants admit plaintiffs purport to bring this action pursuant to the cited statutes, but deny that defendants violated those statutes. Defendants further

state that the complaint fails to allege any violation of the Illinois Wage Payment and Collection Act. Defendants further deny that this action satisfies the requirements for a representative action. Defendants deny the remaining allegations of paragraph 1.

**THE PARTIES**

2. At all material times hereto, Plaintiffs were "employees" of Defendants as defined by §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1). Plaintiffs reside in and are domiciled within this judicial district.

   **ANSWER:** Admit.

3. Defendant D.B. Parking is an Illinois corporation doing business within this judicial district. Defendant D.B. Parking is an "enterprise" as defined by Section 3(4)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

   **ANSWER:** Admit.

4. Defendant D.B. Parking is Plaintiffs' "employer" within the meaning of 820 ILCS 105/3 of the IMWL, and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

   **ANSWER:** Admit.

5. Defendant Dorothy L. Divito is the president of D.B. Parking Lot and Janitorial Maintenance, Inc. On information and belief, Divito is involved in the day to day business operations of Defendants. Divito has the authority to hire and fire employees; the authority to direct and supervise the work of employees; the authority to make decisions regarding employee compensation and capital expenditures; and is a signator on Defendants' checking accounts, including payroll accounts.

   **ANSWER:** Admit.

6. During the course of their employment by Defendants, Plaintiffs handle goods, including cleaning products and other cleaning implements, that moved in interstate commerce.

   **ANSWER:** Defendants admit that plaintiffs in the course of their employment handle cleaning products and other cleaning products which may originate in other states,

but deny that such use qualifies as handling goods that moved in interstate commerce for the purpose of invoking FLSA coverage.

**JURISDICTION AND VENUE**

7.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Admit.

### COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages
### (Plaintiffs on their own behalf and on behalf of similarly situated employees)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 7.

8.  This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U. S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time worked.

**ANSWER:** Defendants admit that plaintiffs purport to bring this count pursuant to the FLSA, but deny that defendants violated the FLSA. Defendants deny the remaining allegations of paragraph 8.

9.  During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:** Admit.

10. During the course of Plaintiffs' employment by Defendants, Plaintiffs were directed to work, and did so work, in excess of forty (40) hours per week.

**ANSWER:** Deny.

3

11. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

**ANSWER:** Defendants deny that plaintiffs worked in excess of forty hours in any workweek. The remaining allegations of paragraph 11 state a conclusion of law to which no response is required.

12. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for time worked in excess of forty (40) hours in individual workweeks.

**ANSWER:** Defendants admit that plaintiffs were salaried, but deny that plaintiffs worked in excess of forty hours in any workweek.

13. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:** Deny.

14. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**ANSWER:** Deny.

15. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

**ANSWER:** Defendants admit that D.B. Parking has other employees who performed non -exempt work. Defendants deny the remaining allegations of paragraph 15.

16. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other non-exempt employees overtime wages for hours worked in excess of forty (40) hours per week.

**ANSWER:** Deny.

WHEREFORE, defendants seek judgment in their favor and the costs of this action.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 16.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER:** Admit.

18. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

**ANSWER:** Defendants admit that plaintiffs purport to bring this count pursuant to the cited statute. Defendants deny the remaining allegations in paragraph 18.

19. At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were "employee(s)" within the meaning of that Act.

**ANSWER:** Admit.

20. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER:** Deny that plaintiffs worked in excess of forty hours in a work week. The remainder of paragraph 20 states a legal conclusion to which no response is required.

21. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

5

**ANSWER:**   Deny.

22.    Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**   Deny.

WHEREFORE, defendants request judgment in their favor and the costs of this action.

s/ Andrew H. Haber
One of Defendants' Attorneys

Dennis R. Favaro
Patrick J. Gorman
Andrew H. Haber
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060

John A. Runion
John A. Runion & Associates
1625 W. Colonial Parkway, 1st Floor
Inverness, Illinois 60067
(847) 701-1502
