**FILED**

**JULY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

HUGO A. ADAME, CORNELIO MARTINEZ a/k/a)
JOSE SANTIAGO, ANTONIO JAIMES, FIDEL  )
MARTINEZ, JORGE H. LOPEZ a/k/a GEORGE  )
LOPEZ, MARCOS ESCAMIROSA, JORGE     )
RODRIGUEZ, ANDRES BRAVO, and VIRGINIA )
MIXTEGA on behalf of themselves and all other  )
persons similarly situated, known and unknown,  )
                                      )
         Plaintiffs,                )     Case No.  08 C 346
  v.                            )
                                        )
D.B. PARKING LOT AND JANITORIAL     )     Judge Moran
MAINTENANCE, INC., and DOROTHY L.    )
DIVITO,                               )
                                        )
         Defendants.            )

## FIRST AMENDED COMPLAINT

Plaintiffs Hugo A. Adame, Cornelio Martinez a/k/a Jose Santiago, Antonio Jaimes, Fidel

Martinez, Jorge H. Lopez a/k/a George Lopez, Marcos Escamirosa, Jorge Rodriguez, Andres Bravo

and Virginia Mixtega on behalf of themselves and all other persons similarly situated known and

unknown, through their attorneys, for this Complaint against Defendants, D.B. Parking Lot and

Janitorial Maintenance, Inc. ("D.B. Parking"), and Dorothy L. Divito ("Divito"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants'

failure to pay overtime wages to Plaintiffs and other similarly situated employees. During the course

of Plaintiffs' employment, Defendants did not pay Plaintiffs overtime wages for time worked in

excess of forty (40) hours per week. Defendants' unlawful compensation practices have had the

effect of denying Plaintiffs their earned wages. Plaintiffs bring this case as a representative action under 29 U.S.C. §216(b). Copies of Plaintiffs' consent forms to act as representative Plaintiffs are attached hereto as Exhibit A.

**THE PARTIES**

2.      At all material times hereto, Plaintiffs were "employee(s)" of Defendants as defined by §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1). Plaintiffs reside in and are domiciled within this judicial district.

3.      Defendant D.B. Parking is an Illinois corporation doing business within this judicial district. Defendant D.B. Parking is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

4.      Defendant D.B. Parking is Plaintiffs' "employer" within the meaning of 820 ILCS 105/3 of the IMWL and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.      Defendant Dorothy L. Divito is the president of D.B. Parking Lot and Janitorial Maintenance, Inc. On information and belief, Divito is involved in the day to day business operations of Defendants. Divito has the authority to hire and fire employees; the authority to direct and supervise the work of employees; the authority to make decisions regarding employee compensation and capital expenditures; and is a signator on Defendants' checking accounts, including payroll accounts.

6.      During the course of their employment by Defendants, Plaintiffs handled goods, including cleaning products and other cleaning implements, that moved in interstate commerce.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331,

2

arising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -- Overtime Wages**
**(Plaintiffs on their own behalf and on behalf of similarly situated employees)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

8. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time worked.

9. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

10. During the course of Plaintiffs' employment by Defendants, Plaintiffs were directed to work, and did so work, in excess of forty (40) hours per week.

11. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

12. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours in individual workweeks.

13. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

14. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

3

15.     Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have willfully failed and refused to pay them overtime wages for work in excess of forty (40) hours per week.

16.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other non-exempt employees overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     a judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.     liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     reasonable attorney's fees and costs incurred in filing this action; and

D.     such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Plaintiffs individually only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

17.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

18.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

19.     At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois

Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were "employee(s)" within the meaning of that Act.

20.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

21.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

22.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      a judgment in the amount of one and one-half times the greater of the State mandated minimum wage or their regular hourly rate for all time which Plaintiffs worked in excess of forty (40) hours per week;

B.      punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      reasonable attorneys' fees and costs incurred in filing this action; and

D.      such other and further relief as this Court deems appropriate and just.

Dated:  July 11, 2008

Respectfully submitted,


s/Douglas M. Werman
Douglas M. Werman (ARDC #6204740)
Maureen A. Bantz (ARDC #6289000)
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by D.B. Parking Lot & Janitorial, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Hugo A. Adame_____ (print your name)


Signature: _Hugo A Adame_____


Date on which I signed this Notice: _01/09/08_____
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by D.B. Parking Lot & Janitorial, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Cornelio Martinez_ (print your name)

Signature: _Cornelio Martinez_

Date on which I signed this Notice: _2/9/08_ (today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by D.B. Parking Lot & Janitorial, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: ANTONIO JAIMES (print your name)

Signature: Antonio Jaimes

Date on which I signed this Notice: 1- 09- 08
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by D.B. Parking Lot &
Janitorial, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I
have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not
been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq.
I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in
my name and on behalf of all persons similarly situated to myself.

Name: _Fidel Martinez_____ (print your name)

Signature: _Fidel Martinez_____

Date on which I signed this Notice: _9/1/08_____
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by D.B. Parking Lot & Janitorial, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and/or overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Jorge Lopez_ (print your name)

Signature: _Jorge Lopez_

Date on which I signed this Notice: _01 - 15 - 08_
(today's date)